is U.S. against William Tisdol, 21-2667. Good afternoon, your honors. May it please the court. I'm Theodore Koch, I represent William Tisdol. Two years and six months ago this month, William Tisdol was shot nearly to death. He woke up in the hospital with a temporary colostomy bag in him and was under arrest by state authorities. A few days later, he was indicted by federal authorities and about three months after that, he received a second federal indictment. He has been detained since that moment in September of 2020. At the time he was 20 years old, he resolved all of his cases with a plea of guilty. His first sentencing in chronological order was his first federal case. That's not the one before the court here. It was in front of Judge Bryant. Judge Bryant sentenced him to six months consecutive to future sentences. His second sentencing was the case that is brought before the court today. Judge Arterton sentenced him to 18 months, but did not say whether the sentence would be concurrent or consecutive. Mr. Koch, let me just ask you, because I think you say the government misframes your argument. You understand that under Setzer, in the Supreme Court case, a district court judge has the discretion, if they don't have enough information, to forbear from making a decision consecutive versus concurrent. I think you agree with that, right? Yes, in certain circumstances, yes. All right, so in certain circumstances. You put a rule in the reply brief that says the circumstance where they must make a determination is when the defendant is in state custody at the time of the sentencing and is anticipated to remain in state custody. But that speaks nothing to the information that the judge has before him or when they're making that determination. If they don't have the information to balance the 3553A factors because of the circumstances, why should it matter whether the defendant's in state or federal custody at the time? Well, the BOP can designate a state facility to be a place of imprisonment for a federal person. I understand that, but what I'm saying is in this situation, your client had not even pled, there was no conviction. The charges were all pending, right? Yes. And he had all these different cases pending. He had carrying a pistol without a permit in March 2020. He had possessing a weapon in a motor vehicle, May 2020 arrest. And he had a robbery and a kidnapping charges from a May 2020 incident where he faced, if he was convicted, and the federal judge didn't know what was gonna happen, a mandatory five on the robbery, a mandatory 10 on the kidnapping. And you have a judge who has no idea which of those charges he may be convicted of and what his penalty is going to be. How could that judge possibly balance the 3553A factors given that lack of information? Let me cut right to what actually happened. And I think this might answer your concern. The state court imposed a sentence that it intended to be concurrent to the federal charge. Now the Bureau of Prisons has interpreted the state court sentence as consecutive. That's Mr. Tisdall would be getting out this month if the charges were concurrent. But because of the Bureau of Prisons- All right, that may be what happened, but you didn't answer my question. How is the district court at the time, based on the information she had, supposed to figure out whether her sentence should be consecutive or concurrent when there's all this uncertainty about what he's gonna be convicted of and what his potential penalty would be? Well- You want the rule to be in that situation, you must make that determination. The district court says, I have no idea how I should balance these things after they have no idea what's gonna happen. Well, yes, the district court certainly had to balance the 3553A factors anyway. And those would be as to the charges that Mr. Tisdall was facing for the district court. And as it turned out, and as we put before the district court at the time of sentencing, the state's case against the defendant was not strong. And that was why it resulted in the two years concurrent that he ended up receiving in the state court. This was not completely foreign to Judge Arderton at the time of the sentence. Why couldn't your client challenge the BOP's decision that you just referenced? Isn't there a way to challenge that now? Well, yes, as the government knows, he can file a 2255, 2254 federal habeas. The problem, the reason why this is of such importance right now is because his colostomy bag was supposed to be temporary. Why can't he file a 3582 motion? The Supreme Court in the Sester case specifically noted that that would be a way of arguing there are extraordinary compelling circumstances. The fact that BOP is not implementing the state court's intent and has this medical condition, why can't you file a 3582 on his behalf? He actually is working on that right now. He has to notify the facility first so that they can rule on it before the district court can, and he's doing that because of the colostomy bag issue. The state didn't fix him for two and a half, for two years, two and a half years, actually. And now he's got to start all over in federal court. This is the reality. Well, that suggests that you're trying every avenue you can think of to get him relief, which I understand, but we still have to deal with the concern that Judge Bianco noted that Setzer says the court has the discretion to forbear, and this seems to be a case in which the district court did not have certain facts that were pertinent, and so it did forbear. And you want us to find error as a matter of law, and that's what I'm struggling with. Do you have anything to add to what you've already said? I think that the district court could have said that she does not have the facts available to her, but she did not. She just simply stated that she's not going to make a ruling without saying why. What could she have said? I don't have enough facts about the state case to decide whether this is going to be concurrent or consecutive. I need to know how the state's case plays out, things like that. What's our standard of review here? I would say it's abuse of discretion. Right, and so we don't need the district court to articulate its particular reason where it's apparent on the record we would find no abuse of discretion. I understand your situation is difficult, but I just wanted to know if you had anything further to add. Okay, thank you. Thank you, Your Honor. Thank you very much. Ms. Sullivan. Margaret Donovan. These names are very complicated. My apologies. Good afternoon. May it please the court, my name is Margaret Donovan for the government. Your Honors, the question before the court today is straightforward. It is whether or not the district court abused its discretion or committed plain error when it decided to forbear in identifying whether Mr. Tisdall's sentence should run concurrent or consecutive to future undischarged state sentences. The answer is no. This court need look no further than the clear language of Stetzer versus United States. In that case, the Supreme Court explained the contours of 3584A and indeed said that the district court does have discretion in identifying the concurrent consecutive decision for undischarged state sentences. But importantly, as Your Honor noted a few moments ago, the Supreme Court was careful to point out that this is not a blanket requirement on district court judges and that in some cases, that judge may forbear. The other circuits to have considered this issue post-Stetzer include- But Mr. Koch focuses in his papers on the second part of that sentence in that footnote that says a district court may have inadequate information and may forbear, but in other situations, that will not be the case. He suggests that there is a situation where it is an abuse of discretion, where it would be mandatory for a court to make that determination. Does the government agree that there is some category that where the judge would have to make that determination? I think that that's what that footnote implies, Your Honor, that there may be some scenarios where it is more prudent to include the consecutive versus concurrent decision. We'd submit that in this case. That's- What would that scenario be? Candidly, I can't think of a hypothetical. If the state sentence, if the person, unlike here, had already pled guilty or been found guilty by the jury, then you would know what the charge was, and you could have a state sentence where, by virtue of a plea, it's a determinative sentence. In other words, everybody knows what the number is going to be. He's gonna get five years. In that situation, maybe the district court, knowing, even though it hasn't actually happened yet, knows what the number is gonna be, would have to make that determination. Would that make sense? I think it would make sense, Your Honor, but again, just speaking in hypotheticals, I think those factors that you highlighted, knowing what the state sentence is going to be, understanding what the length of the sentence, and perhaps even the intent of the consecutive versus concurrent decision on the state's part, all of that could be informative to the judge, but I would hesitate to say that that sets or creates this requirement. What happened here? Why is the BOP, if the state judge said this should run concurrent, why is the BOP running it consecutive? Why aren't they placing it? Why aren't they allowing the service federal time in the state facility? Do you have any window into that? Sure, that's the government's perspective, Your Honor, is that this should be properly, based on the outcome of the state court sentence, that there should be a concurrent designation to effectuate the federal judge's intent that these two sentences relate in the way the state court says. As to the BOP's sort of reasoning or their own computation decisions as to why it currently says consecutive or why they're currently counting it consecutive, I would submit that there are ways of correcting that, but it sounds like Mr. Tisdall is going through right now. I would also submit that, I think the government, again, is in agreement with defense that this should run concurrently, and I can say- Does the BOP know that the U.S. Attorney's Office is in agreement on this, or they are not aware of that? They are aware of that, Your Honor, and I hesitate to go into too much that's not part of the record before this court, but I can say that the United States Attorney's Office has been working with the BOP to facilitate their confirmation of the federal sentencing judge's intent. Well, I think you wrote in your papers, and I'm aware of this, sometimes they ask the sentencing judge what their intent was, or what's consistent with their intent. That's exactly right, and I think that comes in the form of when the defendant requests an unprotunct designation or follows the procedure set out in the BOP program statement. Having said all of that, in this case, because Mr. Tisdell will likely be released in May, the U.S. Attorney's Office has actually sort of stepped in and attempted to, I don't want to say short circuit, but sort of fast track that process so that it can actually effectively be a concurrent sentence, but even putting all of that aside, Your Honor, what we're talking about here is a challenge to the imposition, or I'm sorry, the execution of a sentence, but the actual imposition of the sentence, which is the question before this court, whether or not Judge Arditon was required to make that determination, we submit that the answer is no and that her judgment be affirmed. Well, what is there in this record, on this record, that you or opposing counsel should have said, could have said to Judge Arditon to clarify things so that we wouldn't find ourselves in this situation? Is there anything that could have been done either by you or opposing counsel? At the sentencing, Your Honor? Yes. No, I'm not sure that there is because I think that the judge was within her discretion given the facts that she had before her at the sentencing in this case to forbear, and I'm not certain that there was much more that she could have said or done. I think her reasoning was something. Let me ask you this. I mean, you've conceded that sentences should be concurrent or should be running concurrently. Yes. The U.S. Attorney's Office thinks that. The state judge thought that. The federal judge thought that. The only party that doesn't seem to think it is the Bureau of Prisons. Now, you and the Bureau of Prisons are both part of the Department of Justice. How do you get this solved? So, again, Your Honor, we're focusing on the execution of the sentence, but I... I understand that. We're not, that's not our task, but that's the real complaint here. And so, rather than just ruling your favor on the appeal and have that be the end of it, the question is, how do we get this resolved? So, currently, like I mentioned a few moments ago, we are working with the BOP to confirm that they will implement that as concurrent in a time frame that matters for Mr. Tisdall, which is to say before what we calculate to be his correct... Well, what happens? You go to the Bureau of Prisons, you tell them this and they say no? Or what is the obstacle to this having been resolved while this appeal was awaiting argument in this court? Sure, so I think that in the Bureau of Prisons' own procedural mechanisms, they typically will reach out just to learn the intent of a sentencing judge's sentence, the intent behind it, where it may not be clear or is otherwise ambiguous. Right, so that's something the district judge could do. Correct, and that's the process that we're in right now is working with BOP to communicate with the district court judge on ensuring that BOP gets that answer and understands that the BOP also understands the judge's intent correctly. Are you in a position to go to the district judge and say this is the situation and they need to hear from you, can you give us something on the record and we'll get it to them tomorrow? Yes, absolutely, and in fact, that's the exact process that we're in the middle of right now. And where is the Bureau of Prisons' personnel in a case like this? Danbury? Actually, the sentence computation people are in Grand Prairie, Texas. I would just say two things in response to your answer to Judge Radji's questions. The first one is, I don't know why you would have to ask BOP to reach out to the judge. There's no reason why you and Mr. Koch can't reach out to the judge directly. You don't have to get BOP to write a letter to the judge asking for her views, right? Isn't it quicker for both of you to say, we agree on this, can you write a letter? In fact, Your Honor, again, that's exactly what we did. A letter came from the US Attorney's Office. And then the other thing I would suggest is, rather than waiting for the oral argument, if it's apparent months ago that this was a problem, I think the US Attorney's Office should try to rectify these things more immediately than rather than wait months later to do it at this point, right? Understood. I think we had assumed that the sentence would run concurrently, and when we identified that the release date was actually going to be in July 2024, that's what prompted our- When did the BOP make a determination, we're going to run this consecutive? When did that happen? We learned of that in January of this year. All right. All right, thank you. So in some, as Your Honor had outlined a few moments ago, there were plenty of reasons for the district court to forbear in this case. We believe that this was an entirely appropriate case for the sentence to effectively defer to the state court on the consecutive concurrent determination, and if there are no further questions, then we rest on our brief. What exactly do you want from us? What is the decree that we should enter on this record? I believe that the district court's judgment should be affirmed, Your Honor. I don't think that there's any need to clarify Setzer or to set any type of artificial requirement on the district court or on any of these circumstances. I think Judge Arterton was well within her discretion to forbear in her decision here based on the facts of the case, and that her judgment should be affirmed. Well, I mean, that's certainly what would be our task here, to rule on that appeal, but is it noteworthy in anything we do that the parties concede that this should be a concurrent sentence and take that position with respect to the Bureau of Prisons? It's not the court's statement, but you seem to say that the Bureau of Prisons wants things documented. Is our documenting of your position worthwhile? I would think it is, Your Honor, but again, I think that through the Bureau of Prisons processes, if we let them run its course, they will, in accordance with their own mechanisms, granted it's a little bit modified by the U.S. Attorney's Office being the entity that steps in, that sends that letter in this case, in the interest of time. We're hopeful that that actually satisfies the imposition, I'm sorry, the execution mechanisms here. So, among other things, you probably would want us to issue the mandate forthwith, for example. Yes, Your Honor. Is there any other little contribution that we can make to the system of justice here? Mr. Crouch will probably have some ideas about what we might do. Your Honor, we're optimistic that the outcome will be the right one here, which is that the sentences will be ordered to run concurrently, will effectively be concurrent for Mr. Tisdall. Thank you. I just have two quick follow-up things, Your Honors. Number one, Attorney Donovan has done everything she could to try to get the district court judge to do the right thing in this case. And number two, in terms of relief, I would like an order just for the district court to specify that the sentence is to be run concurrent. That would make everything fall into place. By what authority would the district judge do that? Just suddenly say that I'm gonna re-sentence you to concurrent time? You can't do that. I believe it could be just a change of the mitimus. It wouldn't have to be a new re-sentencing. In fact- The mechanism would be 3582 is the mechanism for that, right? But let me just go back to your first point. So there's been already a letter submitted to the district judge? Yes, Your Honor. That's been pending? Yes, we have not gotten a response to it. Also, I filed something before I filed my brief to try to get this resolved without having to come here. But that hasn't been ruled on either. I know, but that's a different, asking the district court to do something with re-sentencing to concurrent time is different than telling the district court to issue a letter to the Bureau of Prisons, letting the Bureau of Prisons know- That's true. Right? Yes, that's correct. But that letter, there's a letter requesting that she tell the Bureau of Prisons it should be concurrent? Yes, dated February 17th. Okay. February 17th. Yes. Is that part of the record? No. But we could ask to have it. Is it part of the district court record? Why don't we ask that you- We can, I don't think it's part of the district court record either. I believe it's just a letter. It's part of our login. Yes. It's part of our record. It's a letter dated February 17th, 2020. Go ahead and give it up. Yes. I hand it right now if I may approach. Hand it up. And we'll have copies made for all judges. Let me take it further, Mr. Koch. Do you pronounce it Koch or Koch? Koch, like the- As in the mayor. That's correct. At Yale, we have a Coke. At Columbia, there was a Coke too who told me I pronounced my name wrong. So this letter, would there be any merit in our reverting to it in our putative decree? I would not mind. And what about, if you were in our position, what is it that you would say in this order to the district court? I would say consistent with your apparent intent to make this concurrent, I would let the Bureau of Prisons know that that is your intent. Perhaps we could ask her to do that? Personally, I can. It's like pulling teeth here. No, I can. I can. It's a little bit of a teeth-pulling experience, the whole thing, but I will do whatever I have to do, Your Honor. Well, we may look into this. Thank you. Anything else? Thank you. Mr. Donovan, anything else about what we can do? You have no objection to our having this letter. Correct, Your Honor. Yes, nothing further from the government. Thank you. Judgment is observed. Thank you very much. Thank you.